**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ABBY STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 11-CV-427-JED-TLW |
| | ) | |
| APAC-CENTRAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Court has for its consideration the Motion for Summary Judgment (Doc. 51) filed by

defendant, APAC-Central, Inc. ("APAC").

**I.      Background**

On June 5, 2009, plaintiff was involved in a single-car accident on Oklahoma State

Highway 28 when the right wheels of her vehicle left the roadway and fell down a drop-off

between the shoulder and the travel lanes.   Ultimately, she lost control of the vehicle and

suffered a spinal injury.  APAC had recently completed an asphalt overlay on the stretch of road

on which the accident occurred.  Plaintiff alleges that APAC negligently caused or contributed to

the accident and her injuries by negligently constructing the roadway with a significant drop off

immediately adjacent to the travel lanes which created a hazard.

Following completion of APAC's work on the asphalt overlay project, the Oklahoma

Department of Transportation ("ODOT") (which contracted for APAC's work on State Highway

28) made a final inspection of the project, which included examining the construction of the

shoulder of the road.  ODOT did not at that time identify any problem with the shoulder in the

area where plaintiff's accident occurred.   ODOT approved and accepted APAC's work on

September 10, 2008. APAC seeks summary judgment based upon the "accepted work doctrine."

Specifically, APAC asserts that ODOT's acceptance of the work approximately nine months

before the plaintiff's accident extinguished APAC's duty to plaintiff for any injuries sustained after ODOT accepted the work.[1]

## II.      Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In considering a summary judgment motion, the courts are to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment. . . ." *Id.* at 255.  The evidence of the non-movant is to be taken as true, and all justifiable inferences are to be drawn in non-movant's favor.  *Id.*; *see Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012).  "[A]t the summary judgment stage the judge's function is not to himself weigh the evidence and determine the truth of the matter but [is] to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III.     Discussion

In support of its argument under the accepted work doctrine, APAC cites *Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079 (Okla. 1997).  In *Pickens*, the Oklahoma Supreme Court provided a thorough discussion of the historical application of the accepted work doctrine in Oklahoma and noted its *modified* application in Oklahoma:

> In its original form, the accepted work doctrine relieved an independent contractor of liability for injuries to third parties after the contractor had

---

[1]      APAC asserts that the time between ODOT's acceptance and the accident was "approximately 10 months."  In reality, the gap in time (September 10, 2008 to June 5, 2009) was less than nine months.  The distinction is not material to the Court's ruling here.

completed the work, and the owner or employer had accepted the work, regardless of the contractor's negligence in completing the project.  The source of this rule . . . [is] that one not a party to a contract was barred from suing on a claim of breach of duty arising out of the contract.  In addition to lack of privity, later courts found other reasons for refusing to impose liability on manufacturers and contractors, including the prevention of excessive litigation and the theory that acceptance of the work by the owner operates as an intervening cause as a matter of law.

In the area of negligence, the privity of contract requirement was abolished early in the twentieth century in the landmark case of *MacPherson v. Buick Motor Co.*, in which it was held that a manufacturer has a duty to those who may foreseeably be expected to use his products or to be in the vicinity of such usage to exercise reasonable care in the design and manufacture of those products.  The *MacPherson* reasoning was not immediately applied to negligence claims against builders and architects, giving rise to a great deal of critical analysis and recommendations for change.  *In response to such criticism and to avoid an unjust result, courts developed several now firmly established exceptions to the accepted work doctrine.  Under this "modified" accepted work doctrine rule, liability is imposed after the work has been accepted where a defect is latent or hidden, in cases of fraud or deceit, where the contractor deliberately conceals a defect, where a nuisance has been created, or where the product of the contractor's work is inherently or imminently dangerous. . . .*

951 P.2d at 1088-89 (emphasis added).  The court indicated that it was "unnecessary . . . to decide today whether the accepted work doctrine has outlived its usefulness," because the alleged defects (the mere existence of the wall or that there was nothing to prevent the plaintiff's access to the wall), if they were defects, were open and patent.  *See id.* at 1089.  The court found that "[t]his is not a case where the wall appeared sturdy but collapsed, nor is this a case where the wall failed to function for the purpose for which it was designed."  *Id.*  Thus, the court did not apply the accepted work doctrine, but affirmed summary judgment on other grounds.[2]

Here, plaintiff asserts that the accepted work doctrine does not extinguish APAC's duty to third parties such as plaintiff because APAC knew or by the exercise of ordinary diligence

---

[2]     The facts in *Pickens* do not resemble the facts here.  In *Pickens*, an inebriated homeless person was seriously injured when he fell off of a wall on which he was sleeping outside the Day Center for the Homeless in Tulsa, Oklahoma.  The plaintiff there did not allege any defect with the wall other than its mere existence.  *See* 951 P.2d at 1089.

should have known that the roadway shoulder's construction was immediately and certainly dangerous.  Plaintiff's argument is consistent with one of the exceptions to the accepted work doctrine, as noted in *Perkins*, 951 P.2d at 1089 (where liability may be imposed even after work has been accepted, if the "product of the contractor's work is inherently or imminently dangerous"), and as applied in *Leigh v. Wadsworth*, 361 P.2d 849 (Okla. 1961).

In *Leigh*, the plaintiff sued a homebuilder for injuries sustained when a roof of the back porch of her residence collapsed and fell on her.  Following a jury trial and verdict for the plaintiff, the homebuilder appealed and argued that he owed no duty to the plaintiff because there was no privity of contract as there was a two year intervening passage of time during which the home was built (in 1949), sold to a first purchaser (also in 1949), and re-sold to a second owner (in 1951).  The plaintiff (who was a tenant of the second owner) was injured later in 1951.  The *Leigh* court rejected the homebuilder's argument and held that "if the facts show that defendant knew or by the exercise of ordinary diligence should have known that the porch as built was 'immediately and certainly dangerous' he was guilty of willful negligence."  361 P.2d at 853-54. The court also found that "the matter of whether the roof to the porch was constructed in such a manner as to be imminently dangerous was a question of fact for the jury. . . ."  *Id.* at 855; *see also Schlender v. Andy Jansen Co.*, 380 P.2d 523, 526 (Okla. 1963) ("The question of knowledge and whether the defective condition is immediately and certainly dangerous are matters to be submitted for determination by a jury under proper instructions by the trial court.").

Here, for purposes of summary judgment, APAC does not dispute a number of the additional material facts submitted by plaintiff in her summary judgment response, including her evidence that: (1) "The purpose of [highway] shouldering is to eliminate a drop-off, according to an APAC employee"; (2) "According to ODOT, a shouldering's sole purpose is to assist drivers

to recover if they run off the road"; (3) "An edge drop creates an unsafe condition for motorists"; (4) "According to ODOT, an edge drop off is a greater concern at Highway 28's 65 m.p.h. speed limit"; (5) "APAC employee[s] and ODOT employees agree that the shouldering did not last and was not flush with the asphalt at the time of the photographs taken one week after the accident"; and (6) "ODOT employee Tim Bray states that he would not want to drive off onto the shoulder in its condition within one week of the [plaintiff's] wreck."  (Doc. 53 at 4-5, ¶¶ 1, 3-5, 12, 14; Doc. 55 at 2-3, ¶¶ 1, 3-5, 12, 14).  These facts establish the existence of a genuine issue of material fact as to whether the alleged defect in the asphalt overlay work completed by APAC and accepted by ODOT nine months before plaintiff's accident was such that APAC knew or should have known that the shoulder was dangerous.  In addition, plaintiff has presented evidence suggesting that there was a drop off at the roadway shoulder edge of 4 or more inches in the area where the accident occurred.  Photographs taken after the accident (and submitted in plaintiff's response) are suggestive of such a drop off.  (*See* Doc. 53-5).

Accordingly, and consistent with applicable Oklahoma law and the governing federal principles applicable to summary judgment, the Court finds that there are genuine issues of material fact which preclude summary judgment for APAC.

IT IS THEREFORE ORDERED that APAC's Motion for Summary Judgment (Doc. 51) is hereby **denied**.

IT IS SO ORDERED this 3rd day of June, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE